*Superior Court of Detroit.*

OMAHA WHITE LEAD COMPANY vs. JAMES H.
WORCESTER.

*Alias fi. fa.—Levy on Personal Property.*

Execution being issued under a judgment in attach-
ment proceedings against defendant, the sheriff levied

---

*This is a highly interesting case. Complainant finally obtained a decree
in the cause, which was brought to set aside certain assignments
made by an uncle in his dotage to his nephew. Hon. C. I. Walker
succeeded Mr. Severans as Counsel for Defendant in the Supreme
Court. (46 Mich., 166.)

upon and sold thereunder a large amount of personal property and returned the *fi. fa.* wholly satisfied.

Subsequently George W. Radford, defendant's general assignee, obtained in the Superior Court a judgment in an action of trover against Walter H. Coots, the sheriff, for the value of the property so levied upon and sold. The Supreme Court affirmed this judgment. (Coots vs. Radford, 47 Mich. 37.)

Plaintiff afterwards moved, in the Superior Court, for an order setting aside the return of the former execution and for an alias execution under section 6118 C. L. '71 (sec. 7703 How. Stat.) for the full amount of the judgment and costs.

Defendant claimed that the new execution could only issue for the amount of the judgment and the usual costs on default; that costs of attachment, storage and sale could not be recovered.

The Court, CHIPMAN, J., Ordered, that the return to the first execution be set aside, and that an alias execution issue for the amount of the judgment and costs, save those of attachment and sale.

(December, 1881.)*

*Griffin* and *Dickenson* for Plaintiff.

*George W. Radford* for Defendant.

---

*Lest the decision in the case of Ross vs. Connor, *ante,* may be thought to conflict with this, made by the same Judge, we may say that (aside from other differences between the two cases) we understood the Court to state, in connection with the case of Ross vs. Connor, that sec. 7703 How. Stat. does not apply to cases where the sheriff levies on real estate.